SCIE LLC, a Nevada Limited Liability Company, doing business as Entertainment Partners Services Group; et al., Plaintiffs–Appellants,

v.

XL REINSURANCE AMERICA, INC., f/k/a NAC Reinsurance Corporation; et al., Defendants–Appellees,

and

Worldwide Film Completion, Inc.; et al., Defendants.

SCIE LLC, a Nevada Limited Liability Company, doing business as Entertainment Partners Services Group; et al., Plaintiffs–Appellees,

v.

XL Reinsurance America, Inc., f/k/a NAC Reinsurance Corporation; et al., Defendants–Appellants,

and

Worldwide Film Completion, Inc.; et al., Defendants.

Nos. 05–55704, 05–55744.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2007.

Filed June 5, 2007.

As Amended on Denial of Rehearing and Rehearing En Banc July 31, 2007.

Henry Ben–Zvi, Esq., Ben–Zvi & Beck, Los Angeles, CA, Henry Ben–Zvi, Esq., Ben–Zvi & Associates, Santa Monica, CA, for Plaintiffs–Appellants.

Mark J. Krone, Esq., Anderson McPharlin & Conners, LLP, Los Angeles, CA, Gary John Valeriano, Esq., for Defendants–Appellees.

Steven Cardone, Santa Monica, CA, pro se.

Meserve, Mumper & Hughes, Los Angeles, CA, for Defendant.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

The litigation in this case concerns unpaid payroll services for the motion picture "The Devil and Daniel Webster" (hereafter "the film") provided by plaintiffs, SCIE LLC and Paypix LLC, who do business as Entertainment Partners (hereafter "EP"). The film faced significant production difficulties due to shortfalls in funding. Eventually, the issuer of the film's completion bond, WorldWide Film Corporation (hereafter "WFC"), took over the production of the film. When the film faced further difficulties, defendants XL Reinsurance and Star Insurance (hereafter "XL/Star"), the completion bond's reinsurers, paid off the primary lender, the Louis Horwitz Organization (hereafter "LHO") and acquired the film. Plaintiffs won a judgment of $3.2 million against the producer of the film, David Glasser, but were unable to collect. They then sued WFC and XL/Star.

XL/Star cross-appeals the district court's denial of its motion for judgment as a matter of law on liability. Entertainment Partners appeals four issues: a dismissal of its motion for a new trial on damages, a dismissal of its equitable estoppel claim on summary judgment, and two evidentiary rulings at trial. We have jurisdiction under 28 U.S.C. § 1291. We REVERSE and REMAND for a new trial on damages and AFFIRM on all other issues presented on appeal and cross-appeal.

**Liability.** XL/Star cross-appeals the district court's denial of its motion for judgment as a matter of law on the issue of liability, arguing that WFC did not act as its agent in taking over the film and that such a move would have exceeded the bounds of any agency agreement. This argument fails: agency was proven by

substantial evidence, and XL/Star is, regardless, liable under Cal. Civ.Code § 1589.

"A determination by the trier of fact as to the existence or nonexistence of an agency upon conflicting evidence will not be disturbed upon appeal." *K. King & G. Shuler Corp. v. King,* 259 Cal.App.2d 383, 393, 66 Cal.Rptr. 330 (Cal.Ct.App.1968). "The verdict must be affirmed if there is substantial evidence to support the verdict." *Swinton v. Potomac Corp.,* 270 F.3d 794, 802 (9th Cir.2001) (internal quotation marks and citation omitted).

■ Substantial evidence supports a finding of agency. WFC and XL/Star signed a letter to the primary lender, LHO, in which WFC is referred to as XL/Star's agent. The Takeover Agreement under which WFC assumed control of the production was made as an inducement for XL/Star "in consideration of [its] guaranteeing completion of the picture." The takeover of the production was also contemplated in the completion bond between LHO and XL/Star, and XL/Star guaranteed "the payment of all costs incurred in connection with [the Picture]."

XL/Star is alternatively liable through its failure to repudiate: "where an agent is authorized to do an act, and he transcends his authority, it is the duty of the principal to repudiate the act as soon as he is fully informed of what has been thus done in his name, . . . else he will be bound by the act as having ratified it by implication." *StreetScenes v. ITC Entm't Group, Inc.,* 103 Cal.App.4th 233, 242, 126 Cal.Rptr.2d 754 (2002) (internal quotation marks and citation omitted). XL/Star never repudiated any of WFC's actions in taking over the film.

■ XL/Star is also subject to liability under Cal. Civ.Code § 1589: "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." Cal. Civ.Code § 1589 (2007). *See also Melchior v. New Line Prods., Inc.,* 106 Cal.App.4th 779, 789–90, 131 Cal.Rptr.2d 347 (2003); *see also* Restatement (Second) of Contracts, § 328(2) (1981) ("Unless the language or the circumstances indicate the contrary, the acceptance by an assignee of such an assignment operates as a promise to the assignor to perform the assignor's unperformed duties, and the obligor of the assigned rights is an intended beneficiary of the promise."); 1 Bernard E. Witkin et al., Sum. Cal. Law Contracts § 740(2) (10th ed. 2005) (assignee's "assumption of liability may be implied from acceptance of rights and privileges under the contract."); 9 Arthur L. Corbin, *Corbin on Contracts* § 901 (Joseph M. Perillo ed., rev. ed., West 1993). Because XL/Star acquired the film in December 2003, it accepted the benefit of EP's provision of payroll services, without which there would be no film. XL/Star was aware that EP had not been paid both when WFC took over production of the film and when XL/Star took ownership.

**Damages.** A denial of a motion for a new trial is reviewed for abuse of discretion. *Dorn v. Burlington N. Santa Fe R.R. Co.,* 397 F.3d 1183, 1189 (9th Cir. 2005) (citation omitted). "A new trial is warranted where the verdict is contrary to the clear weight of the evidence and the verdict results in the miscarriage of justice." *City Solutions v. Clear Channel Commc'ns, Inc.,* 365 F.3d 835, 843 (9th Cir.2004).

■ The parties stipulated at trial that EP obtained an arbitration award of approximately $3.2 million against the producer, his production company, and Devil Productions LLC, a corporation, without

assets, established solely for the purpose of making the film. The jury found that "WorldWide, while acting as agent for Star/XL, assumed the contract between Devil Productions and Entertainment Partners and that Star/XL has not paid Entertainment Partners pursuant to that contract." Despite this verdict, however, and despite the stipulation that the unpaid contract claim was worth $3.2 million, the jury awarded only $1.75 million in damages. The jury further found that EP had failed to mitigate its damages by $1.75 million, resulting in a net award of zero.

No theory presented at trial supported a finding of $1.75 million in damages. First, no amount of unpaid invoices added up to $1.75 million. Second, XL/Star's theory of damages at trial assumed that reliance needed to be proven. Under § 1589, the measure of damages is XL/Star's benefit, not EP's reliance. Third, XL/Star's position on its credits and debits towards EP was inconsistent. XL/Star argued that it should be credited with all payments made after the issuance of the completion bond, even those payments which applied to work done before its issuance. At the same time, it argued that it could not be responsible for all bills issued after the bond, since some of them related to work done before the bond.

■ The mitigation finding is also unsupported. At trial, XL/Star argued that EP should not have provided any payroll services after it learned of the $2 million shortfall in the film's budget on February 21, 2001. Even assuming that the jury agreed with this theory, there is no combination of relevant invoices after that date that adds up to $1.75 million. Moreover, mitigation is irrelevant under § 1589 liability. XL/Star cannot claim the benefit of EP's meeting the payroll needed for the ongoing production and fail to pay for it, while arguing that EP should have stopped

payroll before the film was finished. Thanks to EP's advancing the money, XL/Star had a completed film.

The judge's denial of a motion for a new trial on damages was an abuse of discretion.

■ **Other issues.** On two subsidiary issues, we affirm the district court. EP argued that XL/Star was estopped from relying on the exclusion of third party beneficiaries in the completion bond because WFC's employee Robert Mintz failed to reveal this term to EP. XL/Star successfully moved for summary judgment. We review this decision de novo, *Universal Health Servs. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004), and affirm.

First, the language of the completion bond is unambiguous: third parties are excluded. EP was not a party to this contract, and the contracting parties did not intend for EP to be a beneficiary. Second, any reliance/estoppel argument against XL/Star was subsumed by the surviving fraud claim against WFC employee Robert Mintz. Equitable estoppel, like fraud, requires falsity and reliance. *Am. Cas. Co. v. Baker*, 22 F.3d 880, 893 (9th Cir.1994). The jury's verdict exonerating Mintz means that it did not find both falsity and reliance; without both, there can be no equitable estoppel.

EP also appeals two evidentiary rulings: the purported exclusion of a memo written by Mintz, and the admittance of the testimony of Louis Horwitz, the head of LHO. Neither has merit.

■ Mintz's memo was, in fact, introduced at trial. The district court ruled only that the jury could not rely on the memo "alone" to establish fraud or negligent misrepresentation. The ruling correctly states California law. *See Cooper v. Jevne*, 56 Cal.App.3d 860, 865–66, 128 Cal. Rptr. 724 (1976).

■ Horwitz's testimony was not inconsistent with XL/Star's offer of proof, the probative value of Horwitz's testimony was not substantially outweighed by the danger of unfair prejudice, Fed.R.Evid. 403, and EP failed to show that the admission of the testimony affected any of its substantial rights. *Obrey v. Johnson,* 400 F.3d 691, 699 (9th Cir.2005).

We therefore REVERSE the district court's dismissal of EP's motion for a new trial on damages and REMAND for a new trial limited to the amount of EP's damages. We AFFIRM on all other issues raised on appeal and cross-appeal.